UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>JESUS ARMANDO PEREZ,<br>SSN: XXX-XX-3099<br>SSN: XXX-XX-8844<br><br>                    Debtor.<br><br>_____<br><br>CHARLES F. MCVAY<br>United States Trustee Region 19,<br><br>                    Plaintiff,<br><br>v.<br><br>JESUS ARMANDO PEREZ,<br><br>                    Defendant. | Case No. 05-31631 SBB<br>Chapter 7<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Adv. Pro. No. 06-01202 SBB |

**APPEARANCES:**

Gregory Garvin, Esq.
Assistant United States Trustee
Alison Goldenberg, Esq.
Trial Attorney for the United States Trustee
Charles F. McVay, United States Trustee
Region 19
999 18th Street, Suite 1551
Denver, Colorado 80202
COUNSEL FOR PLAINTIFF

John A. Berman, Esq.
The Offices of John A. Berman
1660 Lincoln Street, Suite 1750
Denver, Colorado 80264-1701
COUNSEL FOR
DEBTOR/DEFENDANT

**MEMORANDUM OPINION AND ORDER ON REMAND**

THIS MATTER comes before the Court on remand from an Order of the United States District Court for the District of Colorado.[1] The Court, having reviewed the file and being advised in the premises,

---

[1] The District Court's Remand Order is docketed herein as Docket #84.

I.   **Background**[2]

In 1996, the Debtor/Defendant, Jesus Armando Perez (hereafter, "Debtor/Defendant"), purchased, then used, an unauthorized Social Security number ending in 3099 ("#3099") to obtain credit. The Social Security Administration issued #3099 to another person in 1988. The Debtor/Defendant continued to use #3099 to obtain credit even after receiving a properly issued Social Security number ending in 8844 ("#8844").[3]

On August 25, 2005, the Debtor/Defendant filed a voluntary petition for Chapter 7 bankruptcy relief. The petition lists the Debtor/Defendant's "Last four digits of Soc. Sec. No/Complete EIN other Tax I.D." as "3099/00-0008844." Thus, the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines," based on the petition, listed a Social Security number of #3099 and a Tax ID number of 00-00008844. The "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" did not provide notice to creditors and parties in interest, or the actual holder of the Social Security number ending in #3099, of the use of a fraudulently obtained Social Security number. Instead it would appear facially to creditors and parties in interest that the Debtor/Defendant had a Social Security number ending in #3099 and, ostensibly, a separate EIN of 00-0008844. The reason for this appearance is because the Bankruptcy Court's Case Management/Electronic Filing does not allow an electronic filer to input two Social Security numbers for one debtor.

On September 13, 2005, *nineteen days after the petition was filed*, the Debtor/Defendant filed a "Declaration Re: Electronic Filing of Petition, Schedules & Statements, and Statement of Social Security" ("Declaration").[4] On the Declaration, the Debtor/Defendant provided the full Social Security number ending in #3099, which is typed/printed and the full Social Security number (or EIN) ending in #8844 is hand-written. This Declaration *was not served on any* creditors, parties in interest, or the actual holder of the Social Security number ending in #3099.

On October 28, 2005, this Court conducted a *sua sponte* hearing in order to: (1) clarify the Debtor/Defendant's correct and proper Social Security number and (2) confirm that creditors in the bankruptcy case received proper notification of the filing of the bankruptcy case. During this hearing, the Court was advised that #3099 was not issued to the Debtor/Defendant, but that the Social Security Administration could not or would not disclose the identity of the person to whom #3099 was properly issued. At the conclusion of the hearing, the Court ordered that the

---

[2]   Due to the extensive and detailed findings of fact and conclusions of law in this Court's September 7, 2007 Order (published as *United States Trustee v. Perez (In re Perez)*, 374 B.R. 800 (Bankr. D.Colo. 2007)), and, as supplemented by Judge Krieger's May 20, 2009 Remand Order (published as *United States Trustee v. Perez (In re Perez)*, 2009 WL 1439983 (D.Colo. 2009)), this Court will not restate here all of the findings of fact, but will, instead, recite only relevant facts, in brief, necessary for this Court's Order, and will adopt and incorporate for proper context the findings of fact in this Court's September 7, 2007 Order.

[3]   Debtor/Defendant's bankruptcy schedules reflect that he incurred secured indebtedness in the amount of $341,367.00 and unsecured indebtedness in the amount of $44,447.00 using the Social Security number ending in #3099.

[4]   Docket #7.

Debtor/Defendant was not to receive discharge until the issue with respect to the use of two Social Security numbers, one legal and one illegal, was resolved.

On November 4, 2005, the Debtor/Defendant filed a Notice of Multiple Social Security Numbers in a Bankruptcy Proceeding, listing #8844 as the "correct" number and #3099 as an "additional" number.[5]  This Notice was only mailed to credit agencies, the Chapter 7 Trustee, and the United States Trustee, and *not* to any creditors.

On March 2, 2006, the United States Trustee filed a Complaint for Denial of Discharge under 11 U.S.C §727(a) and, Alternatively, to Dismiss under 11 U.S.C § 707(b), subsequently amended to withdraw the claim under 11 U.S.C § 707(b). The United States Trustee filed and was granted a Second Motion to Amend his Complaint.  Among the Trustee's allegations were that:

(1) The Debtor/Defendant's Equifax Report, dated March 9, 2005, was associated with the Social Security number ending in 3099 and not the Social Security number ending in 8844.  The Debtor/Defendant's attorney stated that all of the Debtor/Defendant's debts were issued under the Social Security number ending in 3099.[6]

(2) According to the Social Security Administration, the Social Security number ending in 8844 was issued to Jesus Armando Perez by the Social Security Administration.[7]  However, the Social Security number ending in 3099 was *not* issued to Jesus Armando Perez by the Social Security Administration and the Debtor/Defendant is *not* authorized to use the Social Security Number ending in 3099.[8]

(3) Using the AutoTrack XP/Choicepoint online databases, the United States Trustee conducted a search of Jesus Armando Perez by inputting the Social Security number ending in 3099.  The search results revealed that at least six other individuals are associated with a Social Security number ending in 3099.[9][10]

(4) The Debtor/Defendant's Schedule D reflects debts to HomEQ Mortgage Servicing (1st Deed of Trust), Public Service Credit Union (2002 Ford F-150) and Westgate Resorts (Timeshare in Florida).  The Debtor/Defendant's Schedule D

---

[5] Docket #27.

[6] Second Amended Complaint ¶ 24.

[7] Second Amended Complaint ¶ 26.

[8] Second Amended Complaint ¶ 27.

[9] Second Amended Complaint ¶ 28.

[10] Second Amended Complaint ¶s 16, 31-34.

        totals $341,367.00. The Debtor/Defendant's Schedule F reflects debts for ten credit cards and one deficiency on a 2004 Ford F-150. The Debtor/Defendant's Schedule F totals $44,447.00. The Debtor/Defendant's Equifax Report, dated March 9, 2005, is associated with the 3099 number.[11]

(5)    By listing a false Social Security number on his Petition and Statement of Social Security Numbers, the Debtor/Defendant knowingly and fraudulently made a false oath or account which is material to his bankruptcy case.[12]

(6)    The Debtor/Defendant is attempting to discharge debts which were incurred by him using a false Social Security number.[13]

On May 9, 2007, shortly before the trial of this Complaint, the parties entered into a Stipulation of Dismissal of Adversary Proceeding, agreeing to dismiss this adversary proceeding. Notice was served *only* on the Debtor/Defendant, his counsel, and the Trustee.[14] No notice was served on *any* creditors or other parties-in-interest.

On September 7, 2007, this Court entered its Memorandum Opinion and Order regarding the Stipulation of Dismissal.[15] The Court *declined* to approve the Stipulation of Dismissal and *declined* to enter the discharge of Debtor/Defendant's debts at that time—*it did not deny the Debtor/Defendant's discharge.*[16] The Court did so because of the concerns noted in the Memorandum Opinion and Order, which included: (a) the integrity of the bankruptcy system by allowing the discharge of debts incurred by using a false Social Security number, (b) lack of clear identification of and notice to creditors and parties in interest of the complete and accurate Social Security number, and (c) lack of notice to the person to whom #3099 was actually issued of this bankruptcy case, the adversary proceeding involving that person's Social Security number, or the discharge of debt ascribed to that person's Social Security number. The Court had concluded that this unnamed individual in California—whose Social Security number was used to incur approximately $400,000 in debt and whose Social Security number was used in this bankruptcy case—was a person who is likely damaged, or adversely affected, by the false use of his Social Security number.

---

[11]    Second Amended Complaint ¶ 38-40.

[12]    Second Amended Complaint ¶ 54.

[13]    Second Amended Complaint ¶ 59.

[14]    Docket #50.

[15]    Docket #57.

[16]    Docket #56. But, as correctly described by the District Court, the Court's September 7, 2007 Order did leave the "... Debtor and his creditors in legal limbo ..." *In re Perez,* 2009 WL 1439983, *9 (D.Colo., May 20, 2009).

## II.     The District Court Opinion and Order of Remand

On appeal, the District Court reversed and remanded this matter to this Court with instructions. The District Court found that the Bankruptcy court failed to appropriately use its authority under FED.R.BANKR.P. 7041 to fashion appropriate dismissal, and ordered that the court instead grant the dismissal on the condition that proper notice of the Stipulation of Dismissal to creditors listed in the Debtor/Defendant's bankruptcy case.[17]

The District Court specifically found this Chapter 7 case to be "unique" and "unusual in a number of respects."[18] Nevertheless, it concluded as its central tenets and principal mandates to be (a) a debtor is entitled to a final determination of discharge of his debts and (b) with regard to the pending adversary proceeding it should be dismissed in accord with the submitted stipulation, or not dismissed, to be determined after notice[19] to parties and "only on terms and conditions which the court deems proper."[20]

---

[17]     *Id.* at *9, *11.

[18]     *Id.* at *9.

[19]     The District Court noted in its May 20, 2009 Remand Order that:

> Although Rule 7041 authorizes a bankruptcy court to require notice to creditors or other interested parties, and to condition its approval upon appropriate terms and conditions, the Bankruptcy Court did not do either.
> ...
>
> Assuming, without determining, that Rule 7041 can be read to authorize a categorical denial of approval of dismissal and denial of discharge, the Bankruptcy Court had an inadequate factual record upon which to do so. As noted earlier, there is no generally accepted list of factors that a bankruptcy court must consider in application of Rule 7041 - they vary according to the circumstances under which dismissal is being requested. The Bankruptcy Court was free to fashion the factors appropriate to the situation, but such factors should have reflected the general purposes of § 727 and Rule 7041.
> ...
>
> The situation presented here is much closer to that mentioned in *Mckissack*, in which one would expect the requested dismissal to be approved after notice to creditors. Because no consideration had been given by the Debtor in exchange for dismissal, and the United States Trustee represented that its claims were meritless, the only way that the matter could proceed was if a creditor was willing to undertake it. This required notice to the creditors, which the Bankruptcy Court failed to Order.

*Id.* at *10.

[20]     FED.R.BANKR.P. 7041 provides that:

> Rule 41 F.R.CIV.P. applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other

(continued...)

The District Court made several important findings and provided direction to this Court in concluding this matter on remand. Among them include the following.

First, the District Court noted that:

> [I]n §727 actions, the Bankruptcy Court has considerable discretion as to what notice should be given of an intended dismissal, whether the action should be dismissed, and the terms and conditions of any such dismissal.
>
> ...
>
> By giving notice of the potential dismissal of the §727 action to all creditors, those who did not initiate the action but may be impacted by it can argue for particular terms and conditions or undertake prosecution of the action.[21]

Second, the District Court acknowledged that the unnamed 19 year old person to whom the Social Security number was legally assigned is an "unknown victim" whose rights may need to be asserted, or protected or who otherwise needs due process—to the degree and extent reasonably and Constitutionally assured.[22]

Third, the District Court recognized *Peterson-Marone Const., LLC v. McKissack (In re McKissack)*,[23] as providing "... a useful and thoughtful summary..." of Rule 7041 and proper procedure for dismissal of adversary proceedings under §727.[24] Indeed, the District Court opined that "[t]he situation presented here is much closer to that mentioned in *McKissack*..." where there is no *quid pro quo* settlement. *McKissack* elucidates and discusses at length the propositions that (a) dismissals of adversary proceedings brought under 11 U.S.C. § 727 in the Tenth Circuit require full notice to all parties and disclosure of settlement terms and the opportunity for intervention or substitution by other parties if the original plaintiff seeks dismissal;[25] (b) a right of substitution of a plaintiff in a §727 action is favored by "[t]he great

---

[20](...continued)
persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper.

[21]   *Id.* at *7.

[22]   *Id.* at *11.

[23]   320 B.R. 703 (Bankr. D. Colo. 2005).

[24]   *Perez*, 2009 WL 1439983, at *7.

[25]   *In re Margolin*, 135 B.R. 672, 673 (Bankr. D.Colo. 1992)(citing *Russo v. Nicolosi (In re Nicolosi)*, 86 B.R. 882 (Bankr. W.D. La. 1988); *Mac Services of Baton Rouge, Inc. v. Short (In re Short)*, 60 B.R. 951 (Bankr.M.D.La. 1986); *Hage v. Joseph (In re Joseph)*, 121 B.R. 679 (Bankr. N.D.N.Y. 1990)). In *Margolin*, the
(continued...)

weight of authority;"[26] and (c) Rule 7041 dismissal of actions—those with *quid pro quo* and those without it—require heightened scrutiny by the Courts.[27]

This Court is directed by the findings and the mandates of the District Court on remand and is guided by the principles and precedent found in *McKissack*.

### III.   Issue

This Court is directed by the District Court to enter an Order and provide Notice of this Order and of the Stipulation of Dismissal to all creditors of this case. However, consistent with the District Court's Order and *Perterson-Marone Const., LLC v. McKissack (In re McKissack)*, the Court is still left with the issue of what notice—and to whom—is now required, and what notice to the person who actually was issued the Social Security number ending in #3099, as a condition to approval the Stipulation of Dismissal.

---

[25](...continued)
court adopted the approach of (1) providing notice and full disclosure of the terms of the settlement to all parties in interest and (2) allowing the trustee or other creditors to be substituted for the original plaintiff to continue the prosecution of a cause of action brought under 11 U.S.C. § 727.

[26]     *McKissack*, 320 B.R. at 714 (citing, among other cases, *Ballard Furniture Co., Inc. v. Lindsey (In re Lindsey)*, 208 B.R. 169 (Bankr. E.D. Ark. 1997) (the court denied creditor's motion to dismiss adversary proceeding and the trustee was substituted as a party plaintiff under Rule 7041) and *Ryan v. Thomas (In re Thomas)*, 178 B.R. 872 (Bankr.W.D.Wash. 1995) (allowed trustee to substitute for original objecting creditor).

[27]     *Id.* at 719. Judge Tallman held:

> In either case, Rule 7041 demands heightened scrutiny by the courts. In those cases where the Court's examination reveals that the plaintiff wishes to abandon an apparently meritorious case without consideration, the focus of the public policy concern is not upon the impropriety of exchanging a discharge for a consideration. The focus is simply upon whether it is appropriate to grant a discharge under any circumstance to an individual who has apparently engaged in the kind of wrongful conduct which should act a as a bar to the privilege of receiving a discharge of debt.
>
> The express purpose of § 727 is to deny the discharge of debts to certain debtors under the circumstances specified in § 727(a). That purpose may be thwarted when, without or without consideration, the original plaintiff declines to continue with prosecution of a meritorious case. Where no party is willing to care the litigation forward, that result may be unavoidable. However, where a qualified party volunteers to take over the plaintiff's case, substitution of that willing plaintiff for the original allows the express intent of § 727 to be realized.

## IV. Discussion

### A. Notice to Creditors in this Case[28]

The District Court's Order on Remand expressly requires that dismissal of the Complaint under 11 U.S.C. §727 brought by the Trustee must be conditioned on creditors being given notice of the Stipulation of Dismissal.[29] The District Court also stated that "in § 727 actions, the Bankruptcy Court has considerable discretion as to what notice should be given of an intended dismissal...."[30] This discretion is granted by FED.R.BANKR.P. 7041, which governs dismissal of adversary proceedings and requires notice of § 727 dismissals to be given to the Trustees "and such other persons as the court may direct...." This rule ensures that all interested parties are made aware of the impending discharge, and gives them the opportunity to object or request to undertake the action. The scheduled creditors in this case require notice of this Stipulation before the complaint may be dismissed.

### B. Notice to the Person with the Social Security Number Ending in #3099[31]

This Court concluded previously and concludes here that the true holder of #3099 is a party in interest in this Chapter 7 case and to this Stipulation of Dismissal because the likely outcome of dismissal is a discharge of debts accumulated under his Social Security number. The Bankruptcy Code, in Chapter 7, does not address who is a party in interest. However, in the context of 11 U.S.C. § 1109(b), a "party in interest" is defined as *including*: "the debtor, the trustee, ... a creditor, an equity security holder or any indenture trustee..." The Bankruptcy Code has only defined "party in interest" in sections 1109(b) and 1121(c). While courts have generally held that, consequently, the field of potential "parties in interest" is limited to those listed in section 1109(b) and only in Chapter 11 cases, this Court concludes that consistent with FED.R.CIV.P. 7024(a)(2), the person with the Social Security number ending in #3099, is a person who has an interest in and may intervene in this action by right as his pecuniary interests—including, most importantly his very identity—are directly affected by this adversary proceeding and this bankruptcy case.[32]

---

[28] The District Court has concluded that notice of the Debtor/Defendant's filing of this bankruptcy case was legally sufficient and Constitutionally sound, in part, because the United States Trustee stated that it had contacted all this Debtor/Defendant's creditors by telephone during its investigation of the case. It is notice to creditors of this adversary proceeding and dismissal of same under FED.R.BANKR.P. 7041 that still must be undertaken in a legally sufficient and Constitutionally sound manner.

[29] *Id.* at *11.

[30] *Id.* at *7.

[31] This case is not that extraordinary and the notice issue here is emblematic of many other cases where debtors have filed bankruptcy using false or fraudulent Social Security numbers. The United States Trustee advised the Court that there were approximately thirty other such cases in Colorado, alone.

[32] *See In re Brady*, 101 F.3d 1165, 1170 (6th Cir. 1996) (the court held that, while 11 U.S.C. § 1109(b) described party in interest for the purpose of a Chapter 11 case, it did not necessarily preclude a Chapter 7 Trustee from having standing); *In re Armstrong,* 303 B.R. 213, 219 (10th Cir. BAP 2004) (the Tenth Circuit BAP
(continued...)

While the Social Security Administration has yet to disclose this individual's identity, it is imperative that his due process rights are protected by notifying him of the action and giving him an opportunity to be heard in this adversary proceeding and in the underlying bankruptcy case. Consequently, this Court will require the Debtor/Defendant, to the greatest extent reasonable and feasible, by his counsel, to provide proper notice to the person with the Social Security number ending in #3099.[33]

    C.    **The Person with the Social Security Number Ending in # 3099 May Intervene by *Right***

The Court concludes that, if the person with the Social Security number ending in #3099 were to file a motion to intervene, he would be permitted to intervene by *right*. Pursuant to FED.R.CIV.P. 7024(a)(2),

> On *timely* motion, the court must permit *anyone* to intervene who:
>
> ...
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.[34]

As with the already listed creditors, this Court concludes that, if the person with the Social Security number ending in #3099 were to file a motion to intervene in this case, the Court would deem such motion and intervention herein *timely* and consistent with FED.R.CIV.P. 7024(a)(2) and the deadlines set forth below.

---

[32] (...continued) recognized that "party in interest" has been applied outside of Chapter 11 and it means "all persons whose pecuniary interests are directly affected by the bankruptcy proceedings"); *In re Davis*, 239 B.R. 573 (10th Cir. BAP 1999) (party in interest in a Chapter 13 is all persons whose pecuniary interests are directed affected by the bankruptcy proceedings); *See also, Nintendo Co., Ltd. v. Patten (In re Alpex Computer Corp.)*, 71 F.3d 353, 356 (10th Cir. 1995) (the phrase "party in interest" is generally understood to include all persons whose pecuniary interest are directed affected by the bankruptcy proceedings).

[33] Such efforts or activities might include requesting the Social Security Administration to give such notice, requesting the credit reporting agencies to give such notice, requesting an Order of Court requiring the Social Security Administration to cooperate with the United States Trustee in giving notice and not compromising the "victim's" identity and financial future.

[34] Emphasis added.

V.    **Conclusion and Order**

IT IS THEREFORE ORDERED as follows:

1.    The Debtor/Defendant shall give notice to all creditors and parties in interest—including the individual whose Social Security number ends in the number #3099—regarding the dismissal of this adversary proceeding as follows:

> NOTICE IS HEREBY GIVEN that the Debtor/Defendant herein has utilized a Social Security number ending in **#3099** to procure the debt incurred and to be discharged in this case. Debtor/Defendant's Social Security number ending in **#3099** was (a) purchased by the Debtor/Defendant; (2) not issued to him by the Social Security Administration; and (c) not designated by the Social Security Administration to this Debtor/Defendant. Debtor/Defendant's actual Social Security number ends in **#8844**. **CREDITORS ARE ADVISED THAT THEY HAVE UNTIL SEPTEMBER 4, 2009, TO FILE A WRITTEN OBJECTION TO DISMISSAL OF THE ADVERSARY PROCEEDING OR FILE A MOTION TO BE SUBSTITUTED AS PLAINTIFF IN THIS ACTION. IN THE ABSENCE OF ANY OBJECTION AND REQUEST FOR INTERVENTION, THE ADVERSARY PROCEEDING WILL BE DISMISSED AND DISCHARGED OF DEBTOR/DEFENDANT'S DEBTS SHALL ISSUE.**

2.    Debtor/Defendant, by his counsel, shall serve—or shall take all reasonable and necessary steps through the Social Security Administration or otherwise to identify and serve—this Order together with the Stipulation of Dismissal of Adversary Proceeding on the individual to whom the Social Security number ending in #3099 was properly issued. Debtor/Defendant, by his counsel, shall file a certificate with this Court evidencing that (a) all creditors and other parties in interest were served with notice of this dismissal, and (b) the individual to whom the Social Security number ending in #3099 was issued was, in fact, served, or otherwise certify and describe the efforts to identify and serve the heretofore unnamed individual to whom the Social Security number ending in #3099 was properly and legally issued.

3.    In the event that no objection or motion for substitution is filed by any party on or before **September 18, 2009,** this Court, as directed by the United States District Court will enter an Order approving the Stipulation of Dismissal in this adversary proceeding and will enter a discharge in the underlying bankruptcy case for this Debtor/Defendant.

4.  The Clerk of the Court shall docket a copy of this Order and separate Judgment in the underlying bankruptcy case. The Clerk of the Court shall serve all creditors and parties-in-interest in the underlying bankruptcy case with this Order.

Dated this 5th day of August, 2009.

BY THE COURT:

_____
Sidney B. Brooks,
United States Bankruptcy Judge